# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

**SHEILA DAUN JARRETT,**

    **Movant,**

v.                                                          Case No. 2:21-cv-00028
                                                         Criminal Case No. 2:19-cr-00186

**UNITED STATES OF AMERICA,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court is Movant Sheila Daun Jarrett's *pro se* Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, (ECF No. 47).[1] This matter is assigned to the Honorable Irene C. Berger, United States District Judge, and has been referred by Standing Order to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that Movant's motion be **DENIED** and this matter be **DISMISSED**, with prejudice, and removed from the docket of the Court. As the undersigned conclusively **FINDS** that Movant is not entitled to the relief requested, an evidentiary hearing is not warranted. *Raines v. United States,* 423 F.2d 526, 529 (4th Cir. 1970).

---

[1] The cited docket entries correspond to Movant's criminal case in this district, United States v. Jarrett, No. 2:19-cr-00186.

I. **Factual and Procedural Background**

In 2019, a federal grand jury indicted Movant for one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). (ECF No. 1). Movant entered into a plea agreement whereby she waived her rights to appeal or collaterally attack her conviction or sentence on any grounds except: (1) ineffective assistance of counsel or (b) a sentence in excess of the statutory maximum. (ECF No. 30 at 5). Therefore, the Court held a plea colloquy in accordance with Rule 11 of the Federal Rules of Criminal Procedure. During the hearing, Movant affirmed under oath that she understood the terms of the plea agreement, including the appellate and collateral attack waivers; she did not have any questions about the provisions; and her counsel explained each provision with her before she signed the agreement. (ECF No. 52 at 7, 8-9). The Court specifically explained to Movant that she would forever waive, among other things, her right to file a motion under 28 U.S.C. § 2255 on any ground other than ineffective assistance of counsel because the Court was not going to sentence Movant in excess of the statutory maximum of 40 years in prison. (*Id*. at 6, 22-24). Movant again confirmed that she understood the appellate and collateral attack waivers, discussed them with her attorney, and desired to waive those rights. (*Id*. at 24). Upon finding that Movant was competent and capable of entering an informed plea and there was a factual basis to support the guilty plea, the Court adjudged Movant guilty and sentenced her on February 21, 2020 to 72 months imprisonment, five years of supervised release, and a special assessment of $100.00. (ECF Nos. 40 at 2-3; 52 at 30).

On January 6, 2021, Movant filed the instant motion, which is titled "Motion to Vacate, Set Aside, and Correct 28 U.S.C. § 2255; and Motion to Dismiss Indictment for

Insufficient Evidence and Lack of Jurisdiction Fed. R. Crim. Proc. 12(b); and Defense Sentencing Memorandum." (ECF No. 47). The document appears to be a Rule 12(b) motion and sentencing memorandum that Movant converted into a § 2255 motion. (*Id.*). Movant contends that the Court should dismiss the indictment for insufficient evidence because the interstate commerce element is not present, and the Court lacks subject matter jurisdiction. (*Id.* at 1). She further argues that the "conspiracy, solicitation, aiding and abetting count(s)" were void because she could not enter into a contractual agreement as a convicted felon; the arrest warrant and criminal complaint were not sealed by a federal or state magistrate judge; the arrest warrant was not returned to a federal or state magistrate judge; the federal district or magistrate judge did not have jurisdiction to accept Movant's not guilty plea to a felony charge; Movant was never allowed to challenge the array or selection of grand jurors; the grand jury did not return an indictment in open court and no transcript of that proceeding is available; the grand jury foreperson did not file a letter or certificate of concurrence with the clerk of court; movant never received a Fed. R. Crim. P. 5(c) hearing; and the indictment charged multiple crimes in a single count. (*Id.* at 2-11). In addition to asking the Court to dismiss the indictment, Movant seeks an evidentiary hearing; an order compelling the government to produce FISA and *Jenks* materials; and a three-point reduction in her offense level, downward departure of 15 offense levels, and reclassification of her criminal history to category I under the United States Sentencing Guidelines. (*Id.* at 7-8, 10-11, 12). In response to the motion, Respondent argues that Movant waived any right to challenge her conviction or sentence in her plea agreement, and the Court should "deny or dismiss her motion." (ECF No. 53 at 2, 6).

II. **Standard of Review**

A motion made pursuant to 28 U.S.C. § 2255 is a collateral attack on a conviction or sentence that was entered in a separate proceeding. To succeed on such a motion, the movant must prove that the conviction or sentence was imposed in violation of the laws or Constitution of the United States; the court imposing the sentence lacked jurisdiction; the sentence exceeded the maximum authorized by law; or the sentence was otherwise subject to collateral attack. 28 U.S.C. § 2255. A motion collaterally attacking a prisoner's conviction or sentence brought pursuant to § 2255 requires the movant to establish his or her grounds by a preponderance of the evidence. *Sutton v. United States of America,* No. 2:02-cr-00065, 2006 WL 36859, at *2 (E.D. Va. Jan. 4, 2006).

III. **Discussion**

Movant pled guilty to the conviction that she challenges in her § 2255 motion. "Guilty pleas typically 'are accorded a great measure of finality.'" *Armstrong v. United States*, No. 4:11-cr-5-FL-1, 2016 WL 4007580, at *2 (E.D.N.C. July 26, 2016), *appeal dismissed,* 670 F. App'x 831 (4th Cir. 2016), *cert. denied,* 137 S. Ct. 1214 (2017) (quoting *Blackledge v. Allison*, 431 U.S. 63, 71 (1977). Therefore, "[t]o ensure finality, prosecutors routinely secure waivers of appeal and collateral attack rights as a term of the agreement" and courts "generally enforce these waivers, so long as the defendant knowingly and voluntarily agreed to them." *Id.* (citing *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005) and *United States v. Wiggins*, 905 F.2d 51, 53 (4th Cir. 1990)). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v.*

*Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012).

To determine whether a waiver is knowing and intelligent, the United States Court of Appeals for the Fourth Circuit (the "Fourth Circuit") examines "the totality of the circumstances, including the background, experience, and conduct of the accused." *United States v. Hernandez*, 668 F. App'x 19 (4th Cir. 2016). The Fourth Circuit enforces a "waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016) (citation omitted). However, the Court "will refuse to enforce an otherwise valid waiver if to do so would result in a miscarriage of justice." *Id*. A cognizable claim of actual innocence is sufficient to satisfy the "miscarriage of justice" requirement. *Id*.

In this case, Movant does not argue that the collateral attack waiver is invalid, and the record shows that she entered into it knowingly and intelligently. (ECF No. 47); *see Adams*, 814 F.3d at 182 ("Here, neither party argues that Adams's waiver was invalid, and there is no evidence in the record to support such a conclusion."). Further, the record clearly establishes that Movant's claims fall within the scope of the waiver, and she does not assert any cognizable claim of actual innocence such that it would be a miscarriage of justice to enforce the waiver.

As noted, Movant explicitly waived her right to appeal or collaterally attack her conviction and sentence "on any ground whatsoever," reserving only her right to claim ineffective assistance of counsel or challenge a sentence that exceeded the maximum penalty prescribed by statute. (ECF No. 30 at 5). The language of the waivers is clear and unambiguous. (*Id.*). In addition, the Court carefully and thoroughly explained to Movant during the Rule 11 hearing the effect that the waivers would have on Movant's right to pursue an appeal and/or post-conviction relief, and Movant confirmed that she

understood that she could not challenge her conviction or sentence on appeal or collateral review except on two limited grounds. (ECF Nos. 30 at 5, 52 at 22-24). Movant acknowledged under oath that she understood the waiver provisions and denied having any questions for the Court. (ECF No. 52 at 8, 22-25, 29). Movant additionally stated under oath that she reviewed each paragraph of the plea agreement with her attorney, initialed and signed the plea agreement, and understood and agreed with all of its terms and provisions. (*Id*. at 9). Her initials appear on the page containing the appellate and collateral attack waivers. (ECF No. 30 at 5).

At the time of the Rule 11 hearing, Movant was 43 years old and had previously obtained a GED. (ECF No. 52 at 3). She was not recently under the care of a medical professional for any serious illnesses, nor under the influence of any substances that interfered with her ability to understand the proceeding, (*Id*. at 3-4). Movant's counsel affirmed that he had no reason to question her competence. (*Id*. at 4). The record reveals that Movant understood the full significance of the waivers, was competent to plead guilty, and was entering her plea in the absence of threats, force, or promises outside of those contained in the plea agreement. (ECF No. 52). The written plea agreement, Movant's statements during the plea hearing, and the other noted factors clearly establish that Movant knowingly and intelligently waived her right to collaterally attack her conviction or the reasonableness of her sentence in this § 2255 proceeding. Consequently, the undersigned **FINDS** that the collateral attack waiver is valid and enforceable.

As to whether Movant's claims fall within the scope of the waiver, the undersigned reiterates that Movant waived her right to collaterally attack her conviction or sentence on any basis other than ineffective assistance of counsel or a

6

sentence in excess of the statutory maximum. (ECF No. 30). She does not assert either ground in her § 2255 motion. (ECF No. 47). Movant mentions that the United States Court of Appeals for the Sixth Circuit held that counsel renders deficient performance upon failing to adequately investigate information that might demonstrate the defendant's factual innocence or might raise a question of guilt. (*Id*. at 1). However, she does not develop any argument that her counsel was ineffective. (ECF No. 47). Moreover, Movant does not assert, nor does the record show, that she was sentenced in excess of the maximum authorized by law. (*Id*.); *see* (ECF No. 40 at 2-3) (sentencing Movant to 72 months in prison, five years of supervised release, and a special assessment of $100.00) and (ECF No. 52) (stating that the maximum possible penalty was five to 40 years in prison, a $5 million fine, at least four years of supervised release, a $100.00 special assessment, the potential loss of federal benefits for five years, and restitution). Movant's claims in this action concern a defective indictment and grand jury proceeding and other matters which are unquestionably barred by the waiver in her plea agreement. Further, some of Movant's claims have no apparent relevance to her case, such as her claims regarding conspiracy—a crime she was neither charged with nor convicted of that crime—and the arrest warrant. However, even if those claims are viable, she waived them in her plea agreement and by her guilty plea. The undersigned **FINDS** that the claims in Movant's § 2255 motion fall within the scope of the waiver.

Finally, the undersigned notes that Movant does not assert any cognizable claim of factual innocence such that it would be a miscarriage of justice to enforce the waiver. Although she states on the first page of her motion that "Defendant is factually innocent of the charged offenses because he [sic] had no knowledge," she does not

7

expound upon that statement in any manner. (ECF No. 47 at 1). Movant specifically articulated under oath a factual basis for her guilty plea. "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *Fuller v. United States*, No. 4:13-CR-00072, 2018 WL 3398129, at *2 (E.D. Va. July 11, 2018) (quoting *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)). For that reason, "[m]otions under § 2255 'will not be allowed to do service for an appeal.'" *Fuller*, 2018 WL 3398129, at *2 (quoting *Sunal v. Large*, 332 U.S. 174, 178 (1947)).

As relevant to this case, "[i]n order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which she complains, or she must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." *United States v. Mikalajunas*, 186 F.3d 490, 492–93 (4th Cir. 1999) (citing *See United States v. Frady,* 456 U.S. 152, 167-68 (1982)). "The existence of cause for a procedural default must turn on something external to the defense, such as … a denial of effective assistance of counsel." *Id.* at 493 (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). "And, in order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence." *Id.* (citing *Murray*, 477 U.S. at 496). In this context, actual innocence means factual innocence "i.e., that [movant] did not commit the crime of which he was convicted; this standard is not satisfied by a showing that [he] is legally, but not factually, innocent." *United States v. Pettiford,* 612 F.3d 270, 282 (4th Cir.

2010) (quoting *Mikalajunas*, 186 F.3d at 494).

Movant makes no showing of cause and prejudice or factual innocence. Given her statements at the plea hearing, as well as the stipulation of facts attached to her plea agreement, she would be hard-pressed to succeed on such contentions. For all of the above reasons, the undersigned **FINDS** that Movant's motion should be denied and her case should be dismissed with prejudice.

### III. Proposal and Recommendations

The undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, (ECF No. 47), be **DENIED,** and that this action be **DISMISSED,** with prejudice, and removed from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363

(4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Berger, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Movant and counsel of record.

**FILED:** January 24, 2022

Cheryl A. Eifert
United States Magistrate Judge